G. CHARLES GRIFFITHS

*v.*

STATE OF ILLINOIS.

*Opinion filed January 17, 1922.*

DISCHARGE OF EMPLOYEE—*termination of service. Possibility of dismissal.* Employees of the State are charged with knowledge that they hold their position at the will of the appointing officer.

NON-LIABILITY OF STATE—*failure to secure other employment.* The State is not liable for expenses incurred, or loss sustained, by a discharged employee, in failing to secure other employment.

Edward J. Brundage, Attorney General, for State.

This is a claim brought by the complainant growing out of his position as superintendent and managing officer of the St. Charles School for Boys, an institution under the control of the State of Illinois. It appears that complainant entered into such employment and continued to act in same for a period of time as stated by complainant at the will of said defendant. It appears that such employment began on the 17th day of November 1915; that early in September, A. D. 1917, the complainant was informed that his services would be dispensed with as such superintendent and managing officer; that a successor had been selected. The claimant further complaining alleges at the time of such notice it was too late to secure a re-assignment as principal of a school in the City of Chicago; that claimant had entered his children in the Geneva High School at Geneva, Illinois; after receiving said notification of dismissal he withdrew his children from the Geneva High School at Geneva and entered them in the Austin High School at Chicago; that said claimant claims that he rented a residence for his wife and family in Chicago, thus requiring a large sum of money for rent and for their support and maintenance; that for a period of more than five months the plaintiff claimed that he was obliged to support and maintain and educate his family in Chicago to the end that his said children's advancement in school by a change in the middle of a school term would not be interfered with and that by reason of the same the defendant the State of Illinois became liable to pay the said plaintiff the sum of $1,000.00; the Attorney General comes and defends and denies liability on the part of the defendant, the State of Illinois. It appears to this Court that the complainant was well aware of the customs and arrangement controlling appointive position such as the one he held, in fact he admits that his appointment continued at the will of the appointing officer and consequently the possibility of his dismissal under the circumstances that actually took place, was within the knowledge of the

complainant at the time he entered the employ of the defendant. Of course another element that would enter into the equity of the situation was the right the complainant had to resign from his position at any time and while this might serve to be a disadvantage to the defendant and its institution at St. Charles, yet there would be no redress against the complainant and we assume no claim would be made by the State in such a contingency and while it is to be regretted that the complainant and his family was discommoded through the arrangement had, yet this Court fails to see any authority vested in it to make a charge upon the taxpayers of Illinois under this claim.

It is therefore ordered by the Court that said claim be disallowed.